UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANTOM LS RECORDS LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REDWOOD CITY, et al.,<br><br>Defendants. | Case No. 21-cv-05787-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF REDWOOD CITY'S MOTION TO DISMISS**<br><br>Docket No. 18 |

Plaintiffs Sumante J. Hutchinson, proceeding pro se, and an affiliated company known as Phantom LS Records LLC ("Phantom") have filed suit against a number of defendants: the state of California; Redwood City; San Ramon; Kaiser Permanente; and the University of California, Santa Cruz. Currently pending before the Court is Redwood City's motion to dismiss. Having considered the parties' briefs as well their oral argument at the hearing on October 14, 2021, the Court hereby **GRANTS** in part and **DENIES** in part the City's motion to dismiss.

## I.     FACTUAL & PROCEDURAL BACKGROUND

The first amended complaint ("FAC"), as pled, is not entirely clear. However, it appears that Plaintiffs have filed suit based on the following alleged facts.

Mr. Hutchinson owns Phantom, which is a music recording company. *See* FAC at 4.

In July 2020, Mr. Hutchinson was wrongfully removed from his home in San Ramon (which also served as the business address for Phantom) based on false information. *See* FAC at 3. Although Plaintiffs do not clearly identify who wrongfully removed Mr. Hutchinson from his home, it appears that it was the San Ramon Police Department. *See* FAC at 6.

The San Ramon Police Department is alleged to have violated Plaintiffs' rights on

numerous occasions. It has, for example, violated their right to free speech and/or their right to work and maintain property by falsely arresting Mr. Hutchinson and by abusing the medical system (*e.g.*, using "5150s" as punishment). As a result of such actions, Plaintiffs have not been able to work. *See* FAC at 4.

Redwood City has also allegedly violated Plaintiffs' rights. It appears that, on one occasion in or about August 2020, while Mr. Hutchinson was living at a hotel in Redwood City (or shortly after he was removed from the hotel), he discovered that City workers had thrown away all of his and/or Phantom's belongings. Subsequently, Redwood City police claimed that it had found the property. Mr. Hutchinson was shown a photo of the property stacked in a pile by a Redwood City Police officer. However, when he arrived at the place where the property was, it was not in a pile; rather, the property (such as clothes, personal documents, jewelry, and electronics) were scattered about and damaged. *See* FAC at 5.

Based on, *inter alia*, the above allegations, Plaintiffs have filed the following claims:

(1) Violation of the Fifth Amendment (against the Redwood City police and City workers).

(2) Violation of the First Amendment (against the San Ramon Police Department and the University of California, Santa Cruz).

Although not entirely clear, Plaintiffs also seem to be asserting some state law claims based on (3) the California Tort Claims Act and (4) California Civil Code § 1708. *See* FAC at 2.

## II. <u>DISCUSSION</u>

A. <u>Lack of Representation for Phantom</u>

As an initial matter, the Court takes note that, per the caption of the FAC, Phantom (the company that Mr. Hutchinson owns) is a LLC. Under the Civil Local Rules, "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b). Therefore, Mr. Hutchinson cannot represent Phantom, although he can still represent himself.

At the hearing, Mr. Hutchinson stated that he was willing to dismiss Phantom's claims. Accordingly, the Court shall dismiss all of Phantom's claims, including but not those limited to Redwood City. In the remainder of this order, the Court addresses the claims as brought by Mr.

2

1 Hutchinson as an individual only.

B. <u>Legal Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

C. <u>All Claims</u>

As noted above, currently pending before the Court is Redwood City's motion to dismiss. In its motion, the City argues that, even if the Court takes all allegations in the FAC as true, Mr. Hutchinson has failed to state a claim for relief because he fails to allege that the City injured him.

The Court does not agree. Although the FAC is not a model of clarity, Mr. Hutchinson has adequately alleged wrongdoing on the part of the City: (1) City workers threw away his belongings; and (2) after the police located the belongings, they did not take care of the property but rather damaged it and/or allowed it to be damaged.

D.  Federal Claim

The City argues that, even if Mr. Hutchinson did sufficiently allege harm caused by the City, he has nevertheless failed to state a claim under 42 U.S.C. § 1983. Here, the City has a meritorious argument. Mr. Hutchinson does seem to be asserting a § 1983 claim based on a violation of due process. For the City to be held liable under § 1983, Mr. Hutchinson must show that he was injured as a result of a City policy or custom. *See Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (stating that municipal liability "may attach when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker"; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Here, Mr. Hutchinson has seemed to implicate the actions of "ordinary" City workers and/or police officers – *i.e.*, not any final policymakers. Also, Mr. Hutchinson has not alleged that anyone was acting pursuant to a policy or practice.

Accordingly, the Court dismisses the § 1983 claim against the City but with leave to amend.

E.  State Claims

With respect to the state claims, Mr. Hutchinson has invoked the California Tort Claims Act ("CTCA") and California Civil Code § 1708.

Section 1708 provides as follows: "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights." Cal. Civ. Code § 1708. However, several courts have held that the statute "does not create a private right of action." *Carr v. Allied Waste Sys.*, No. C 10-0715 PJH, 2010 U.S. Dist. LEXIS 124192, at *42 (N.D. Cal. Nov. 23, 2010); *see also Von Grabe v. Sprint PCS*, 312 F.Supp. 2d 1285, 1308 & n.21 (S.D. Cal. 2003) (noting the same); *cf. Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300, 327, (2002) (stating that § 1708 merely "states a general principle of law"). Rather, the private rights of action come with the sections that *follow* § 1708, *see* Cal. Civ. Code § 1708.5 *et seq.* The § 1708 claim therefore lacks merit.

As for the CTCA, California Government Code § 815 provides as follows:

*Except as otherwise provided by statute:*

4

(a) A public entity is not liable for an injury, whether such
injury arises out of an act or omission of the public entity or
a public employee or any other person.

(b) The liability of a public entity established by this part
(commencing with Section 814) is subject to any immunity
of the public entity provided by statute, including this part,
and is subject to any defenses that would be available to the
public entity if it were a private person.

Cal. Gov't Code § 815 (emphasis added). In its brief, Redwood City argues that Mr. Hutchinson does not have a viable claim because he has not based his claim on any statute.

The City, however, ignores § 815.2, which provides a statutory basis for Mr. Hutchinson's state claim. Section 815.2 provides:

(a) *A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment* if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov't Code § 815.2 (emphasis added); *see also Chester v. State of Cal.*, 21 Cal. App. 4th 1002, 1004-05 (1994) (stating that, "[g]enerally, a tort action may not be maintained against a public entity unless the claim is based on a statute providing for liability[;] [s]ection 815.2 is one such statute"); *Tom Jones Enters., Ltd. v. County of Los Angeles*, 212 Cal. App. 4th 1283, 1291 (2013) (noting the same). The City has not explained why Mr. Hutchinson does not have a claim against the City based on the acts of the City workers and/or the City police officers. Section 815.2 on its face does not limit actionable injuries to those caused by a statutory violation. *See e.g.*, *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 865-66 (2012). Thus, *e.g.*, if there was a negligent destruction of Mr. Hutchinson's property, § 815.2 would provide a basis for Mr. Hutchinson to have a claim, unless the City can identify an applicable immunity.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court dismisses the federal claim against the City but allows the state claim to proceed. Mr. Hutchinson has leave to amend his federal claim if he can do so in

5

good faith. The amended complaint shall be filed by **November 15, 2021** The Court's ruling here is without prejudice to the City moving for, *e.g.*, judgment on the pleadings should it determine that the CTCA claim filed by Mr. Hutchinson did not fulfill the exhaustion requirement for any claim against Redwood City brought herein.

This order disposes of Docket No. 18.

**IT IS SO ORDERED**.

Dated: October 15, 2021

_____
EDWARD M. CHEN
United States District Judge