JEFFREY M. VUCINICH, ESQ. BAR#: 67906
Email: jvucinich@clappmoroney.com
SHERRETT O. WALKER, ESQ. BAR#: 286595
Email: swalker@clappmoroney.com
CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400 (650) 989-5499 FAX

Attorneys for Defendants
CITY OF SAN RAMON

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANTOM LS RECORDS, LLC, and SUMANTE J HUTCHINSON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA UNVERSTY OF SANTA CRUZ, KAISER PERMANENTE, CITY OF SAN RAMON, REDWOOD CITY, SAN MATEO,<br><br>Defendants. | Case No. 3:21-cv-05787-EMC<br><br>**DEFENDANT CITY OF SAN RAMON ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>Complaint filed: April 28, 2021<br>Trial date: Not applicable |

COMES NOW Defendant, CITY OF SAN RAMON in answer to Plaintiffs PHANTOM LS RECORDS, LLC, and SUMANTE J HUTCHINSON'S Amended Complaint for damages hereby admit, deny, and allege as follows:

## JURISDICTION AND VENUE

San Ramon admits that this court has jurisdiction to hear plaintiff's claims.

1

**DEFENDANT CITY OF SAN RAMON ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

San Ramon further admits that venue is proper. San Ramon denies that any unlawful acts or practices occurred.  As to all other allegations, San Ramon lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the other allegations contained therein.

## FACTS

Answering the STATEMENT OF FACTS of the First Amended Complaint, San Ramon lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

## SECOND CAUSE OF ACTION

Answering the SECOND CAUSE OF ACTION of the First Amended Complaint, San Ramon lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

## AFFIRMATIVE DEFENSES

AS A FIRST AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant allege that said Complaint fails to state a claim upon which relief can be granted.

AS A SECOND AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant allege that the injuries and damages Plaintiff complains of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of this answering Defendant.

AS A THIRD AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that its actions taken were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

AS A FOURTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant allege that its acts were

1 privileged under applicable statutes and case law.

2      AS A FIFTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between defendant and the acts which allegedly violated Plaintiff's rights.

     AS A SIXTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that Plaintiff failed to mitigate his damages, if any.

     AS A SEVENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that plaintiff's Complaint is barred by the applicable Statute of Limitations.

     AS AN EIGHTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that the Complaint is barred by the equitable doctrine of laches.

     AS A NINTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that the Complaint is barred by the equitable doctrine of unclean hands.

     AS A TENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that the Complaint is barred by the equitable doctrine of estoppel.

     AS AN ELEVENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that plaintiff has waived his rights to bring this action against them.

     AS A TWELFTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that Plaintiff at all times had actual and/or constructive knowledge of the circumstances upon which plaintiff's Complaint is based.  Plaintiff expressly accepted those circumstances and thereby ratified the conduct of which Plaintiff complains.

AS A THIRTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that the Complained of conduct is privileged under California Civil Code §47 and applicable case law.

AS A FOURTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that any damages sustained by plaintiff were either fully or in part the fault of others, whether that fault be the proximate result of negligence, strict liability, breach of warranty, breach of contract, or any other type of fault caused by persons, firms, corporations or entities, other than this answering Defendant, and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by this answering Defendant.

AS A FIFTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that plaintiff was himself careless and negligent in and about the matters alleged in the Complaint and that said carelessness and negligence on plaintiff's own part proximately contributed to plaintiff's loss and damage, if any there were.  Under the doctrine of *Li v. Yellow Cab* (1975) 532 P.2d 1226, 119 Cal.Rptr. 858, plaintiff's contributory negligence shall reduce any and all damages sustained by said plaintiffs.

AS A SIXTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that plaintiff was actively negligent in and about the matters alleged in the Complaint and are thereby barred from any recovery.

AS A SEVENTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering Defendant is informed and believes and thereon alleges that plaintiff, with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the risks and hazards of the incident complained of and the damages, if any, resulting therefrom.

AS AN EIGHTEENTH AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believe and thereon allege that Defendants are immune, and its conduct privileged under California Government Code §800 et. seq., including, but not limited to Sections 815, 820.2, 820.4, 820.6 and 844.6.

AS A NINETEENTH AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believe and thereon allege that Defendant's conduct was not motivated by evil motive or intent, nor reckless or callous indifference to the rights of others, thus punitive damages are not awardable against Defendants.

AS A TWENTIETH AFFIRMATIVE DEFENSE to the Complaint, Defendants is informed and believes and thereon alleges that Defendant is entitled to a qualified immunity because Defendant did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware.

AS A TWENTY-FIRST AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believe and thereon allege that Defendant CITY OF SAN RAMON, a public entity, did not commit a constitutional violation against plaintiff, caused by a policy, custom, or practice.

AS A TWENTY-SECOND AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believes and thereon alleges that Defendant's employees are not liable for any alleged injuries sustained by plaintiff, as his alleged acts or omissions were committed in the execution or enforcement of the law, while exercising due care. (California Government Code §820.4)

AS A TWENTY-THIRD AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believes and thereon alleges that plaintiff failed to exhaust his administrative remedies including, but not limited to, those pursuant to Government Code §900 through §935, et seq.

AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF this answering Defendant alleges that plaintiff failed to file a claim

pursuant to the California Tort Claims Act.

AS A TWENTY FIFTH AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon alleges that plaintiff's claims are barred by the applicable statute of limitations.

AS A TWENTY-SIXTH AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believes and thereon alleges that Defendant CITY OF SAN RAMON, which is a public entity, did not commit a constitutional violation against Plaintiff caused by a policy, custom, or practice.

AS A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that the actions undertaken by the officers were objectively reasonable given the totality of the circumstances.

AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF this answering Defendant alleges that no actions or omissions by Defendant were the result of retaliatory intent.

AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF this answering Defendant alleges that the individual Defendant, CITY OF SAN RAMON, its employees or agents, pursuant to Government Code Section 815.2, are entitled to immunity from the Plaintiff by virtue of the provisions of the Government Code of the State of California, Sections 800 through 1000, including but not limited to Section 820.2, 820.4, 820.6, 820.8, 821, 821.6, 822.2, 830 et seq., 830.4, 830.8 and 845.8.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by way of his unverified Complaint, that Defendant has judgment for costs of suit incurred, herein, together with such other and further relief as the court may deem just and proper.

1  Defendant CITY OF SAN RAMON demands a jury trial.

Dated: April 12, 2022

CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY

By: _____
JEFFREY M. VUCINICH, ESQ.
SHERRETT O. WALKER, ESQ.
Attorneys for Defendant
CITY OF SAN RAMON

**DEFENDANT CITY OF SAN RAMON ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**