1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6

7   PHANTOM LS RECORDS LLC, et al.,          Case No. 21-cv-05787-EMC
8                         Plaintiffs,
                                              **ORDER DENYING CITY OF**
9              v.                             **REDWOOD CITY'S MOTION FOR**
                                              **JUDGMENT ON THE PLEADINGS**
10  CITY OF REDWOOD CITY, et al.,
                                              Docket No. 34
11                        Defendants.
12
13
14                    **I.       INTRODUCTION**

15          Plaintiff Sumante J. Hutchinson, proceeding pro se, filed suit against a number of

16  defendants:  the state of California; Redwood City; San Ramon; Kaiser Permanente; and the

17  University of California, Santa Cruz.  The Court previously granted Redwood City's motion to

18  dismiss Plaintiff's federal law claim against it, but denied the City's motion to dismiss state law

19  claims.  Docket No. 27 ("MTD Order").

20          Now pending before the Court is Redwood City's motion for judgment on the pleadings on

21  the ground that Plaintiff has failed to comply with mandatory requirements to pursue his claim

22  under the California Tort Claim Act.  Docket No. 34 ("Mot.").  Having considered the parties'

23  briefs, the Court **DENIES** the City's motion for judgment on the pleadings.  This matter is

24  suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b).

25          **II.       FACTUAL AND PROCEDUAL BACKGROUND**

26          Plaintiff initially filed this action on April 28, 2021, alleging state law violations, including

27  under the California Tort Claim Act, and constitutional claims under Section 1983, in Contra

28  Costa County Superior Court.  Docket No. 1.  On June 14, 2021, Plaintiff presented to Redwood

United States District Court
Northern District of California

City a government tort claim against "Redwood City/San Mateo County," alleging damages due to "Nonintervention, Police Misconduct, Destruction of Property/Tampering/Fraud." *See* Docket No. 35 ("RJN"), Exh. 2 ("Tort Claim Form") at 1. The claim names the "entity's employees who caused this injury, damage or loss (if known)" as "Unknown Recology Workers & Officer Kaino" and "Recology & Redwood City/San Mateo PD & Emergency Responders." *Id.* The damages that Plaintiff claimed were to "business property including intellectual property and expensive electronics used for work, as well as other inventory" for an amount in excess of $10,000. *Id.* Plaintiff calculated the amount by itemizing "items plus intellectual property, and consumer data, destruction of evidence, damage and distress." *Id.* Plaintiff's tort claim was based on the following statement of facts:

> In August 2020, San Mateo county police, including Officer Kaino & others failed to act after multiple reports of violence and ha[r]assment against, I, Sumante J. Hutchinson. I made reports to San Mateo County Court Judge Jonathan Karish previously and there were other incidents involving residents of San Mateo County stealing & physically assaulting me. Police did not intervene and as a result my wallet was stolen. Police dropped me off at a hotel, "Good Nite" Inn at around 12 am on or around 08/18/20. They then showed up the next morning and forced me to leave, as property management claimed to not have any availability to extend. I left in a panic as officers threatened to arrest me. Being bipolar, I was already overwhelmed and so I sought treatment because I was in distress w/o my wallet. I had no way to transport my property after a stranger gave me a ride from the hotel to Kaiser Permanente where I was previously a patient. I was effectively stranded w/o a phone charger and Recology trashed goods of my business Phantom LS Records LLC & I became very distraught and was admitted to Kaiser after.

*Id.* at 2.

On June 28, 2021, Plaintiff served Defendant Redwood City with a summons in the case. On July 28, 2021, Defendant Redwood City removed the case to federal court, asserting federal question jurisdiction in light of Plaintiff's Section 1983 claims, and asserting the Court had supplemental jurisdiction over Plaintiff's pendent state law claims. *Id.* at 2. On August 23, 2021, Plaintiff filed an amended complaint alleging federal and state law violations. Docket No. 15 ("FAC"). Relevant here, Plaintiff's allegations against Redwood City are as follows:

> In August 2020, I had briefly resided in Redwood City. After being

2

assaulted on two occasions, Redwood City did absolutely nothing when I wanted to press charges because of harassment and violence against me by others.  I was taken to a hotel after 12am in Redwood City the following morning.  Officer Kaino appeared.  Within 48 hours, all of my property was stolen & I was transported via ambulance to a hospital because I was stranded with no help.  Unnamed city workers trashed my belongings. . . .

City of Redwood City workers appeared while I was stranded in crisis for 24 hours near Kaiser Permanente and threw away all of my belongings.  Redwood City police claimed to have found it and showed my property in a pile on Officer Kaino's phone.  When I got to the spot it was not in a pile.  My clothes, personal documents, jewelry, electronics etc. were scattered amongst other trash suggesting they purposely trashed and damaged my stuff.  I frantically tried to gather everything but had a mental break down because that was all the stuff I had left to me.  I got to the hospital after telling the responders to grab my items[,] then was left with one pair of clothes, one phone, and I was suddenly out of $30,000 + worth of goods & intellectual property & private info, no ID, no wallet.

FAC at 4-5.  In his demand for relief, Plaintiff states, "I want to be compensated monetary value of my business property & goods as well as compensated for distress, property losses exceed[ing] $30,000, including phones, computer, clothes, jewelry, other electronics, hard drives, intellectual property, keepsakes, merchandise, etc." *Id.* at 7.

On September 7, 2021, Redwood City moved to dismiss the FAC.  The Court granted in part and denied in part the City's motion to dismiss the FAC.  *See* MTD Order.  The Court denied the City's motion to dismiss Plaintiff's state law claim under the California Tort Claim Act, finding Plaintiff had alleged enough to state a claim pursuant to Cal. Gov. Code § 815.2.  *Id.* at 4.  The Court held that the denial was "without prejudice to the City moving for, e.g., judgment on the pleadings should it determine that the CTCA [California Tort Claim Act] claim filed by Mr. Hutchinson did not fulfill the exhaustion requirement for any claim against Redwood City brought herein."  Moreover, the Court dismissed Plaintiff's federal law Section 1983 claim and state law claim under California Civil Code § 1708.  *Id.* at 4-5.  The Court dismissed Plaintiff's federal law claim with leave to amend his complaint by November 15, 2021.  *Id.* at 4.  Plaintiff opted not to amend his complaint.  Thus, the only claim against Redwood City which remains is Plaintiff's claim under the California Tort Claims Act.

3

1    Now pending is Redwood City's motion for judgment on the pleadings as to Plaintiff's

2    CTCA claim.

3            **III.**       **LEGAL STANDARD**

4    A.    Fed. R. Civ. P. 12(c): Judgment on the Pleadings

5    Pursuant to Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings" after

6    the pleadings are closed "but early enough not to delay trial."  A Rule 12(c) motion is

7    "'functionally identical'" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and

8    therefore the same legal standard applies.  *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d

9    1047, 1055 n.4 (9th Cir. 2011).

10    Federal Rule of Civil Procedure 8(a)(2) requires a "pleading that states a claim for relief"

11    to include "a short and plain statement of the claim showing that the pleader is entitled to relief."

12    Fed. R. Civ. P. 8(a)(2).  A pleading that fails to meet this standard may be dismissed pursuant to

13    Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss after

14    the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic*

15    *Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the pleading]

16    'must . . . suggest that the claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*,

17    765 F.3d 1123, 1135 (9th Cir. 2014).  The court "accept[s] factual allegations in the [pleading] as

18    true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek*

19    *v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "allegations in a

20    [pleading] . . . may not simply recite the elements of a cause of action [and] must contain

21    sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

22    defend itself effectively."  *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus &*

23    *Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)).  "A claim has facial plausibility when the

24    Plaintiff pleads factual content that allows the court to draw the reasonable inference that the

25    Defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility

26    standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

27    a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# IV.   DISCUSSION

Redwood City moves for judgment on the pleadings for two reasons: (1) Plaintiff failed to present a government tort claim before filing his initial complaint (and, therefore, has not nor cannot allege compliance with this requirement), and (2) Plaintiff's allegations in his amended complaint impermissibly diverge from those included in his government tort claim.

A.   Timing of Plaintiff's Presentation of Tort Claim

As a prerequisite for filing suit for "money or damages" against a public entity, the California Tort Claim Act requires presentation of a claim to the public entity. *See* Cal. Gov. Code § 945.4; *State of California v. Superior Court*, 32 Cal.4th 1234, 1240–44 (2004) ("*Bodde*"). Lawsuits that seek monetary relief based on claims sounding in tort, as well as claims sounding in contract, are lawsuits for "money or damages." *See City of Stockton v. Superior Court*, 42 Cal.4th 730, 738 (2007). Claims relating to a cause of action for death or injuries to the person or injuries to personal property must be presented no later than six months after the accrual of the cause of action. *See* Cal. Gov. Code § 911.2(a). California Governor Newsom issued Executive Orders, N-35-20 ¶ 11 and N-71-20 ¶ 6, extending the filing deadline for claims in light of the COVID-19 pandemic. Redwood City concedes that Plaintiff's June 14, 2021 government claim regarding allegations stemming from incidents that took place on August 18, 2020 were timely. Mot. at 10. Redwood City, however, argues that because Plaintiff's initial complaint, filed in April 2021, *predated* his filing of his government claim, Plaintiff failed to adhere to the requirement of presenting his claim *before* filing an action in court. Accordingly, Redwood City argues that Plaintiff has failed to exhaust the statutory requirements to proceed with this suit, and, thus, the claim should be dismissed.

Redwood City's position overlooks two critical facts: first, the initial complaint was served on Redwood City on June 28, 2021, and second, the operative complaint in this action is the FAC, which was filed on August 23, 2021. Thus, the initial complaint was served on Redwood City and the FAC was filed *after* Plaintiff had presented his government claim to Redwood City. And the

FAC was filed *after* Plaintiff had fully exhausted the administrative claim process.[1]

Redwood City's argument that Plaintiff failed to comply with the exhaustion requirements privileges form over substance, in conflict with the view of California courts. As the California Supreme Court explained, in "cases where the plaintiffs submitted a timely claim but prematurely filed a complaint, the courts refused to dismiss the action because the plaintiffs had substantially complied with the claim presentation requirement. According to these courts, the plaintiffs, by filing the claim and prematurely filing the complaint, had satisfied the purpose behind the requirement—to give the entity the opportunity to investigate and settle the claim before suit was brought." *Bodde*, 32 Cal. 4th at 1244 (citations omitted). Here, Redwood City was clearly on notice of Plaintiff's tort claim and has not suffered any prejudice because Plaintiff served the initial complaint on Redwood City *after* presenting his claim, and because the operative complaint in this case, the FAC, was filed *after* Plaintiff had exhausted the claim process. *Id.* at 1245 ("[A] plaintiff need not allege strict compliance with the statutory claim presentation requirement. Courts have long recognized that '[a] claim that fails to substantially comply with sections 910 and 910.2, may still be considered a 'claim as presented' if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved.'")[2]; *cf. Cory v. City of Huntington Beach*, 43 Cal. App. 3d 131, 136 (1974) ("To call the city's defense 'highly technical' would not be an overstatement. As was said in a strikingly similar

---

[1] Once a public entity is in receipt of a government claim, the public entity has 45 days to grant or deny the claim. Cal. Gov. Code, § 912.4. If the public entity serves the notice of rejection of the claim, the plaintiff must file the lawsuit within six months of the date of service of the notice. Gov. Code, § 945.6(a)(1). If the claim is not acted upon within 45 days, it is *deemed* rejected by operation of law on the last day of the 45-day period and the plaintiff, in this instance, has two years from the accrual of the cause of action to file the lawsuit. Gov. Code, § 945.6(a)(2). Redwood City does not clarify whether it noticed its rejection of Plaintiff's claim or whether it rejected the claim by operation of law, but, either way, Plaintiff's amended complaint was filed *after* the 45-day period for Redwood City to respond had lapsed, and within both the six-month and two-year period in which he could pursue an action.

[2] Redwood City's timing argument also fails considering its decision to remove Plaintiff's complaint to federal court. In the "context of the pleading framework established by the Federal Rules of Civil Procedure" it is a "a general rule [that] when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (citation omitted). Here, it is undisputed that Plaintiff's FAC was filed *after* he had complied with the timing requirements for the presentation of his claim.

United States District Court
Northern District of California

1    situation: '(I)t is clear that the filing of an action after the submission of a proper claim, assuming

2    it to have been premature because of a failure to wait until there had been a rejection of the claim,

3    should not result in a disposition of the matter which has no relation to its merits.  In the present

4    case, the complaint was not filed too late but, rather, several days before the rejection of the claim.

5    At the time the answer of the city was filed, the city had received every benefit which a provision

6    for rejection prior to suit is intended to serve.'") (internal citations omitted).

7        In short, Redwood City's argument that Plaintiff's claim should be dismissed because he

8    has not complied with the timing requirements for presenting his claim fails.

9    B.    Differences in Allegations Between Claim and Complaint

10        Next, Redwood City argues that Plaintiff's claim must be dismissed because the "facts

11    alleged in the government tort claim presented to Redwood City are a complete shift in allegations

12    from those of the Amended Complaint, both in wrongful conduct and time frames."  Mot. at 11.

13    Redwood City's arguments are unavailing: Plaintiff's allegations in the Amended Complaint

14    mirror those included in the government claim and permissibly provide additional details

15    regarding the underlying alleged misconduct.

16        A notice of claim to a public entity must meet Government Code § 910's requirements.

17    *See* Cal. Gov. Code §§ 910, 945.4; *Stockett v. Association of Cal. Water Agencies Joint Powers*

18    *Ins. Auth.*, 34 Cal.4th 441, 445 (2004).  Among other things, § 910 requires a claimant to state the

19    "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim

20    asserted" and to provide a "general description of the ... injury, damage or loss incurred so far as it

21    may be known at the time of presentation." Cal. Gov't Code § 910.  The factual circumstances set

22    forth in the written claim must correspond with the facts alleged in the complaint."  *Dixon v. City*

23    *of Livermore*, 127 Cal.App.4th 32, 40 (2005).  "[A] complaint is vulnerable to a demurrer if it

24    alleges a factual basis for recovery which is not fairly reflected in the written claim."  *Stockett*, 34

25    Cal.4th at 447.

26        A submitted "claim need not contain the detail and specificity required of a pleading, but

27    need only fairly describe what the entity is alleged to have done."  *Stockett*, 34 Cal.4th at 446.  As

28    the California Supreme court has explained:

United States District Court
Northern District of California

7

1

2
The claim, however, need not specify each particular act or omission
later proven to have caused the injury.  A complaint's fuller

3
exposition of the factual basis beyond that given in the claim is not
fatal, so long as the complaint is not based on an "entirely different

4
set of facts."  Only where there has been a "complete shift of
allegations, usually involving an effort to premise civil liability on

5
acts or omissions committed at different times or by different
persons than those described in the claim" have courts generally

6
found the complaint barred.  Where the complaint merely elaborates
or adds further detail to a claim, but is predicated on the same

7
fundamental actions or failures to act by the defendants, courts have
generally found the claim fairly reflects the facts pled in the
complaint.

8     *Id*.  In other words, it is permissible to plead additional theories where the "additional theories

9     [are] based on the same factual foundation as those in the claim, and the claim provide[s]

10    sufficient information to allow the public agency to conduct an investigation into the merits of the

11    claim."  *Dixon*, 127 Cal.App.4th at 42.

12          Because the claims statute is designed to give a public entity "notice sufficient for it to

13    investigate and evaluate the claim ... the statute should not be applied to snare the unwary where

14    its purpose is satisfied."  *Stockett*, 34 Cal.4th at 446.  Where a submitted claim is deficient in some

15    way, but the claim substantially complies with all of the statutory requirements, the doctrine of

16    "substantial compliance" may validate the deficient claim.  *See Sparks v. Kern County Bd. of*

17    *Supervisors*, 173 Cal.App.4th 794, 800 (2009).  If the face of the filed claim discloses sufficient

18    information to enable the public entity to make an adequate investigation of the claim's merits and

19    settle it without the expense of litigation, then there will be "substantial compliance" with sections

20    910 and 910.2.  *Ardon v. City of Los Angeles*, 52 Cal.4th 241, 247–48.  However, the doctrine of

21    substantial compliance cannot cure the "total omission of an essential element from the claim, or

22    remedy a plaintiff's failure to comply meaningfully with the statute."  *Sparks*, 173 Cal.App.4th at

23    800.[3]

24

25

26    _____

[3] And, if a claim does not "substantially comply" with § 910 and § 910.2, but discloses the
existence of a claim which, if not satisfactorily resolved, will result in a lawsuit against the entity,

27    then the entity has 20 days to inform the claimant of the deficiencies in the presented claim, or else
the entity will waive the defenses of § 910.8 to the insufficiency of the claim.  *See City of*

28    *Stockton*, 42 Cal.4th at 744–45 & n. 11.  Redwood City does not claim it informed Plaintiff of any
deficiencies in his claim.

United States District Court
Northern District of California

1    Redwood City argues that the time frame of the acts alleged in Plaintiff's government tort

2    claim "is prior to the time a stranger transported Plaintiff to Kaiser and he was stranded there,

3    while the Amended Complaint begins when Plaintiff was allegedly left stranded at Kaiser."  Mot.

4    at 13.  The change in time frame, Redwood City contends, demonstrates that the Amended

5    Complaint does not correspond with the government claim. This is incorrect.  Plaintiff alleged in

6    his government tort claim that he "was already overwhelmed and so [he] sought treatment" and

7    "he had no way to transport [his] property after a stranger gave [him] a ride from the hotel to

8    Kaiser Permanente where [he] was previously a patient."  Tort Claim Form at 2.  Plaintiff explains

9    that this sequence of events left him "effectively stranded without a phone charger and Recology

10   trashed goods of my business Phantom LS Records LLC & I became very distraught and was

11   admitted to Kaiser after."  *Id.*  Although not a model of clarity, the government tort claim clearly

12   put Redwood City on notice that the conduct of which he complains occurred during a period of

13   time when Plaintiff was separated from his property while experiencing a mental health

14   emergency.  Plaintiff's government claim unambiguously describes his claim that his property was

15   destroyed while he was stranded at or near a Kaiser facility.  These allegations are consistent with

16   those contained in Plaintiff's amended complaint that he "was taken to a hotel after 12am in

17   Redwood City. . . Within 48 hours, all of my property was stolen & I was transported via

18   ambulance to a hospital because I was stranded with no help.  Unnamed city workers trashed my

19   belongings. . . . City of Redwood City workers appeared while I was stranded in crisis for 24

20   hours near Kaiser Permanente and threw away all of my belongings. . .  I got to the hospital after

21   telling the responders to grab my items[,] then was left with one pair of clothes, one phone, and I

22   was suddenly out of $30,000 + worth of goods & intellectual property & private info, no ID, no

23   wallet."  FAC 4-5.  Contrary to Redwood City's argument, the time period of the events which

24   Plaintiff describes is consistent between the government claim and FAC: Plaintiff alleges the City

25   is responsible for the destruction of his property while he was stranded near a Kaiser facility.

26   Plaintiff's clarification of certain details and events in the FAC does not constitute a "complete

27   shift of allegations" nor does he attempt to "premise civil liability on acts or omissions committed

28   at different times or by different persons than those described in the claim."  *Stockett*, 34 Cal.4th at

1    447.

2         Second, Redwood City argues there are "fundamental differences between the factual basis

3    of the government tort claim and the Amended Complaint" because the "focus of the alleged

4    wrongful conduct by the City in the. . . government claim is that non-intervention led to loss of

5    property" whereas "the focus of the Amended Complaint is that City policy officers did not secure

6    Plaintiff's property and that the City damaged his property." Mot. at 13-14.  Again, Redwood

7    City is incorrect.  Plaintiff's government tort claim was filed against "Redwood City/San Mateo

8    County," and listed the cause of his damages as due to a number of forms of misconduct,

9    including "**Nonintervention**, Police Misconduct, **Destruction of Property**/Tampering/Fraud."

10   Tort Claim Form at 1 (emphasis added).  The claim alleged that the "entity's employees who

11   caused this injury, damage or loss (if known)" were "Unknown Recology Workers & Officer

12   Kaino" and "Recology & Redwood City/San Mateo PD & Emergency Responders."  *Id.*  Plaintiff

13   expressly detailed in his government claim that he sustained losses both because "Police did not

14   intervene and as a result [his] wallet for stolen" *and* because "Recology trashed his goods," *id.* at

15   2, and explained that he sought recovery for losses that he sustained to "business property

16   including intellectual property and expensive electronics used for work, as well as other

17   inventory" for an amount in excess of $10,000, i*d.* at 1.  These theories of liability are fully

18   consistent with Plaintiff's allegations in the FAC that the City is responsible both for failing to

19   intervene to secure his property *and* because City workers "threw away all of [his] belongings."

20   FAC at 5.  Plaintiff asserted multiple theories of liability, including nonintervention and

21   intentional destruction of property in his government claim; the FAC develops those theories. *See*

22   *Stockett*, 34 Cal. 4th at 447 ("Where the complaint merely elaborates or adds further detail to a

23   claim, but is predicated on the same fundamental actions or failures to act by the defendants,

24   courts have generally found the claim fairly reflects the facts pled in the complaint.").

25        Third, Redwood City argues there are "differences between the government tort claim and

26   the Amended Complaint as to what entity allegedly damaged Plaintiff's property" because the

27   "government claim alleges that Recology trashed Plaintiff's property whereas the Amended

28   Complaint alleges that City workers" were responsible.  Mot. at 14.  Yet again, Redwood City

United States District Court
Northern District of California

privileges form over substance.  Plaintiff's government claim unambiguously identifies the

"entity's employees who caused. . . loss" as "Unknown Recology workers" and "Recology."  Tort

Claim Form at 1.  Plaintiff clearly demonstrated his intent to put the City on notice that he

believed the Recology workers to be city employees responsible for the destruction of his

property.  That Plaintiff referred to these alleged tortfeasors as "city workers" in the FAC instead

of as "Recology workers" is a distinction without a difference: in both the government tort claim

and FAC, Plaintiff clearly contended that the city employed the workers who destroyed his

belongings and are responsible for his losses.  That Plaintiff did not use the exact same

terminology in his government claim and FAC does not provide grounds for the Court to find that

the FAC "alleges a factual basis for recovery which is not fairly reflected in the written claim."

*Stockett*, 34 Cal.4th at 447.

Finally, fourth, Redwood City argues that "there are differences as to the extent of property

damage that Plaintiff attributes to the City" because the "Government claim states that Plaintiff's

wallet was stolen" while the FAC "alleges that Plaintiff suffered over $30,000 in property damage

or loss."  Mot. at 14.  Once again, Redwood City is incorrect.  Despite the government claim form

being just two pages long, Redwood City somehow manages to omit the clear references that

Plaintiff made to the fact that he suffered losses in excess of $10,000, and that he sought recovery

for losses that he sustained to "business property including intellectual property and expensive

electronics used for work, as well as other inventory."  Tort Claim Form at 1.  Plaintiff explained

that he calculated the amount by itemizing his loss of "items plus intellectual property, and

consumer data, destruction of evidence, damage and distress" which were the result of individuals

employed by the City who "trashed goods of [his] business."  *Id.* at 1-2.  These allegations in the

government tort claim are consistent with those in Plaintiff's FAC.

Thus, Redwood City's arguments that Plaintiff's FAC contains a "complete shift in

allegations," Mot. at 15, from those included in his government tort claim fail.  Redwood City is

not entitled to judgment on the pleadings.

///

///

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## V.       <u>CONCLUSION</u>

Redwood City's motion for judgment on the pleadings is **DENIED.**

This order disposes of Docket No. 34.

**IT IS SO ORDERED**.

Dated: April 27, 2022

_____
EDWARD M. CHEN
United States District Judge